UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:20-CR-296-SDJ |
| | § | |
| JON PHILLIP PAGE, JR. (2) | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Jon "Phillip" Page, Jr.'s Motion to Dismiss Count Two of Superseding Indictment. (Dkt. #106). In the motion, Phillip Page requests dismissal of the conspiracy to commit money laundering charge against him or, in the alternative, a bill of particulars. The Government filed a response in opposition, (Dkt. #113), Phillip Page filed a reply, (Dkt. #117), and the Government filed a sur-reply, (Dkt. #118). The Court held a hearing on the motion. (Dkt. #126). Having considered the motion, the parties' briefing, argument at the hearing, and the applicable law, the Court **DENIES** the motion.

## I. BACKGROUND

On October 15, 2020, Phillip Page was indicted along with his brother, Thomas Hughes Page, and a third defendant on one count of conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 1344 and 1349. Among other acts, the indictment alleges that the Page brothers owned Page Capital Group, LLC, an investment company, through which they fraudulently obtained business loans from PlainsCapital Bank, resulting in a $3.25 million loss to the bank over several years.

After filing the original indictment, the Government offered the Page brothers an all-or-nothing plea deal, which would have required both brothers to plead guilty. The Page brothers did not accept the deal. In December 2021, the Court set trial for June 6, 2022. (Dkt. #87). On March 31, 2022, Thomas Page entered an open guilty plea to the original indictment, along with a factual basis to support the guilty plea. (Dkt. #91, #92).

On April 6, 2022, the Government filed the first superseding indictment adding a second charge. (Dkt. #93). Count Two realleges and incorporates by reference all the allegations contained in the general allegations and Count One and charges the Page brothers with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). (Dkt. #93 at 8 ¶¶ 22–23). On April 25, 2022, Phillip Page moved to continue the June trial setting, asserting that the added charge "impacts the defense counsel's ability and strategy to defend the case." (Dkt. #97 at 1); (Dkt. #104 at 1). The Court granted the motion and reset the trial for November 7, 2022. (Dkt. #110).

After filing his motion to continue, Phillip Page moved to dismiss Count Two of the superseding indictment pursuant to Rule 48(b) of the Federal Rules of Criminal Procedure and due to an alleged due process violation. (Dkt. #106 at 2). Phillip Page asserts that the Government filed the superseding indictment "with a charge that involves the same facts, same people, and same time frame as Count One" in retaliation for Thomas Page entering an open plea and due to the "mere possibility of Thomas Page testifying." (Dkt. #106 at 4–5). Elaborating on this claim, Page

maintains that he will be prejudiced because his co-defendant brother, Thomas Page, has pleaded not guilty to the money laundering charge in the superseding indictment and therefore will likely have to go to trial on Count Two. Page goes on to complain that his brother will be unavailable to testify in his (Phillip Page's) defense, presumably because Thomas Page will invoke his Fifth Amendment right against self-incrimination at trial. Phillip Page asserts that if Thomas Page were able to testify, his testimony would be important to Phillip Page's defense.

After Phillip Page filed the instant dismissal motion, Thomas Page withdrew his guilty plea to the original indictment and entered a guilty plea to Count One and a not-guilty plea to Count Two of the superseding indictment, which the Court accepted.[1] (Dkt. #122, #125).

For the reasons that follow, the Court will deny Phillip Page's motion to dismiss and his alternative request for a bill of particulars.

## II. DISCUSSION

Phillip Page urges the Court to dismiss Count Two of the first superseding indictment because the Government unnecessarily delayed bringing the new money laundering charge, which Page contends could have been presented to the grand jury at the time of the original indictment. Page further asserts that this unnecessary delay prejudices him by requiring him to develop a new trial strategy and by making Thomas Page unavailable to testify in his defense, resulting in a due process

---

[1] Much of the briefing on the question of alleged prejudice to Phillip Page premised on Thomas Page's unavailability to testify at trial focuses on whether the Court should accept Thomas Page's guilty plea. That question is now moot.

violation. The Court first turns to the question of unnecessary delay and then to the question of alleged prejudice resulting in a due process violation.

## A. Alleged Unnecessary Delay

The Fifth Circuit has held that a superseding indictment "may be returned at any time before a trial on the merits." *United States v. Millet*, 559 F.2d 253, 257–58 (5th Cir. 1977) (citing *United States v. White*, 524 F.2d 1249, 1252–53 (5th Cir. 1975)). The *Millet* court affirmed the denial of a motion to dismiss a superseding indictment that was filed a mere six days before trial on the merits—far closer to trial than in the case at bar—and added a substantive charge, despite the defendant's assertion that the late changes to the indictment substantially interfered with his trial preparation and his right to a speedy trial. *Id*. at 255, 257–58. In doing so, the court noted that the Government had no more information when it sought the superseding indictment than what it had when it filed the original and that the defendant alleged that addition of the new count "was a strategical decision concerning the admissibility of . . . evidence." *Id*. at 257 n.5.

*United States v. Trahan* is also instructive. 333 F.App'x 818 (5th Cir. 2009) (per curiam). *Trahan* involved an appeal of the district court's grant of a motion to dismiss a superseding indictment under Rule 48(b), which provides that a court may dismiss an indictment if "unnecessary delay" occurs in presenting a charge to a grand jury or bringing a defendant to trial. *See id*. at 818; FED. R. CRIM. P. 48(b). As Phillip Page concedes, the *Trahan* court emphasized that "[t]he discretion embodied in Rule 48(b) to dismiss an unnecessarily delayed indictment is constrained by long-standing authority holding that a superseding indictment may be filed any time

before trial on the merits." 333 F.App'x at 819 (citing *Millet,* 559 F.2d at 257–58); *see* (Dkt. #106 at 2). The court assumed without deciding that a district court may dismiss a superseding indictment that prejudices a defendant. *Trahan*, 333 F.App'x at 819.[2] But the court concluded that Trahan's contention that defending against the new charge required additional preparation did not show the requisite prejudice. *Trahan*, 333 F.App'x at 819 (also noting that Trahan did not assert the remaining twelve days before trial were inadequate for preparation).

Because a superseding indictment may be returned at any time before a trial on the merits, Phillip Page's argument that the Government unnecessarily delayed bringing the superseding indictment fails. And Phillip Page's reliance on precedent dealing with motions to dismiss *original* indictments based on the prosecution bringing stale charges is misplaced. *See, e.g., United States v. Crouch*, 84 F.3d 1497, 1500 (5th Cir. 1996) ("We hold that where the [original] indictment is not barred by the statute of limitations, dismissal for pre-indictment delay requires an appropriate showing not only of prejudice but also that the prosecution purposely delayed the indictment to gain tactical advantage or for other bad faith purpose.").[3] Page's

---

[2] An earlier panel decision held that a superseding indictment may be returned at any time before trial, "absent prejudice to the defendant." *United States v. Watson*, 35 F.3d 560, 1994 WL 500032, at *1 (5th Cir. 1994) (per curiam) (citing, among others, *United States v. Grossman*, 843 F.2d 78, 83 (2d Cir.1988)).

[3] If the *Crouch* standard did apply in this case, Phillip Page would have the "especially heavy" burden of making a showing that he "almost certainly will suffer substantial, actual prejudice by reason of the claimed undue delay"—a showing that is "difficult to imagine" at the pretrial stage because "in almost all cases" the prejudice would be "to some significant extent speculative and potential rather than actual and substantial." *Crouch*, 84 F.3d at 1516, 1518–20, 1523 (concluding the defendant had not shown substantial, actual prejudice where five potential witnesses died in a seven-year span between the alleged criminal activity and the indictment, and one died shortly after the indictment).

argument that the Government only brought the new indictment to gain a tactical advantage by waiting to file the superseding indictment until after Thomas Page attempted to enter a guilty plea also affords him no relief in this context. *See Millet*, 559 F.2d at 257 & n.5 (declining to dismiss the superseding indictment despite the defendant alleging that the Government's decision to add a charge was strategic).

As in *Trahan*, Phillip Page's acknowledgement that Count Two of the superseding indictment "involves the same facts, same people, and same time frame as Count One," (Dkt. #106 at 5), substantially undermines his argument that the new count "left [defense counsel] to scramble and prepare an additional defense for a new charge," (Dkt. #106 at 3); *Trahan*, 333 F.App'x at 819 ("Trahan's allegations of unfair surprise are also substantially undermined by his own acknowledged awareness of the facts underlying the newly-added count and the Government's uncontroverted representation that it had already provided Trahan the relevant evidence during discovery.").

Rule 48(b) "embodies the district court's inherent power to dismiss for want of prosecution." *Trahan*, 333 F.App'x at 820 (quotation omitted). Thus, "[t]he mere fact that some delay occurred before the superseding indictment was filed does not support its dismissal when the case was proceeding forward to trial with appropriate speed." *Id*. Because the Government may return a superseding indictment at any time before trial on the merits, and because this case is proceeding to trial with appropriate speed, Phillip Page cannot demonstrate unnecessary delay.

6

## B. Alleged Prejudice & Due Process Violation

Even assuming the Court may dismiss a superseding indictment if it prejudices a defendant, Phillip Page has not demonstrated the requisite prejudice through his assertions that he has to "scramble and prepare an additional defense" or that the Government has interfered with a defense witness. (Dkt. #106 at 3).

As to trial preparation, the superseding indictment was returned by the grand jury on April 6, two months before the original June 6 trial date, which is a period that is "more than sufficient based on the amount of time the Fifth Circuit has allowed for superseding indictments in prior cases." *United States v. Thompson*, No. 17-296-01, 2019 WL 5866153, at *1 (W.D. La. Nov. 8, 2019) (citing *Millet*, 559 F.2d at 257–58). That a new trial date has been set in November, on Phillip Page's own motion, further undermines his prejudice argument, as counsel has ample time to prepare. *See id.*

Phillip Page also argues that he is prejudiced, to the extent of a due process violation, by what he avers is the Government interfering with a defense witness and precluding Phillip Page from subpoenaing his co-defendant brother to testify. It is true that "[s]ubstantial government interference with a defense witness' free and unhampered choice to testify violates due process rights of the defendant." *United States v. Fricke*, 684 F.2d 1126, 1130 (5th Cir. 1982) (quotation omitted). But Phillip Page's argument misses the mark.

Phillip Page attempts to support his argument with *United States v. Fricke*, which states that "a defendant's rights are [not] violated when the government merely informs witnesses that they are targets of an investigation, as long as the

investigation was not prompted by the possibility of the witnesses testifying." (Dkt. #117 at 8 (quoting *Fricke*, 684 F.2d at 1130)). *Fricke*, however, refutes rather than supports Page's argument. In *Fricke*, defense witnesses invoked their Fifth Amendment privileges and refused to testify after the prosecution told them, during trial, that they were subjects of an ongoing grand jury investigation related to the trial. 684 F.2d at 1130. Because the Government did not tell the witnesses they would become targets of the grand jury investigation if they testified—they were already targets—the court reasoned that the defense could not show that the investigation was unjustified or that it was "prompted by the possibility that they might testify for the defense." *Id.* The court therefore declined to find substantial interference. *Id.*

The rationale of *Fricke* applies with greater force here. After all, Thomas Page was not only the subject of a grand jury investigation at the time of the superseding indictment, he was a named defendant in the case. Phillip Page has not even alleged, much less demonstrated, that the Government threatened any new investigation or new charge if Thomas Page were to testify. In fact, the Government avers that upon beginning its preparation in earnest in March 2022 for the June 2022 trial setting, it reviewed the evidence and, after considering effective trial strategies, presented the additional money-laundering conspiracy charge to a grand jury. And as the Government points out, prosecutors "routinely supersede[] indictments relatively close to trial, tweaking language and charges to enhance trial presentation." (Dkt. #118 at 2). Page has not shown that the Government's filing of the superseding indictment was prompted by the mere possibility of Thomas Page testifying.

The additional cases that Phillip Page relies on to support his argument that the Government has interfered with a defense witness's choice to testify are inapposite. *See, e.g.*, *United States v. Goodwin*, 625 F.2d 693, 703 (5th Cir. 1980) (deeming threats toward witnesses intolerable); *United States v. Hammond*, 598 F.2d 1008, 1012–13 (5th Cir.) (concluding that the defendant's due process rights were violated where defense witness refused to testify after government agent threatened witness with "trouble" in pending state prosecution if he "continued on"), *amended on reh'g*, 605 F.2d 862 (5th Cir. 1979).

Further, "[a] defendant's sixth amendment rights [to obtain favorable testimony] do not override the fifth amendment rights of others." *Fricke*, 684 F.2d at 1130 (citing *United States v. Lacouture*, 495 F.2d 1237 (5th Cir. 1974)); *see also Goodwin*, 625 F.2d at 700 ("A valid assertion of the witness' Fifth Amendment rights justifies a refusal to testify despite the defendant's Sixth Amendment rights."). Thomas Page's Fifth Amendment right against self-incrimination therefore overrides Phillip Page's Sixth Amendment right to call his brother to testify in his defense. Phillip Page therefore has not demonstrated prejudice. The Court's conclusion is further bolstered by Phillip Page's admission at the hearing that he does not know precisely what Thomas Page would testify to at trial if he were available to do so. *See Crouch*, 84 F.3d at 1515 ("A mere loss of potential witnesses is insufficient absent a showing that their testimony would have actually aided the defense." (quotation omitted)).

For all of these reasons, the Court will deny Phillip Page's request to dismiss Count Two of the superseding indictment.

## C. Bill of Particulars

Phillip Page moves in the alternative for a bill of particulars as to Count Two. He argues that the Government should be required to disclose its theory as to the money-laundering count pursuant to Federal Rule of Criminal Procedure 7(f) or otherwise identify the specific transactions that the Government avers indicate money laundering. The Government opposes this request, arguing that the indictment is sufficiently specific and that because Count Two is a conspiracy charge, the Government does not have to prove that any single transaction involved money laundering—just that there was a conspiracy to do so. The indictment is sufficiently specific to apprise Phillip Page of the charges against him so that he may prepare his defense. The Court will therefore deny this request.

Rule 7(f) provides a basis for defendants to obtain a bill of particulars. The granting or denial of bills of particulars is within the Court's discretion, and the purpose of a bill of particulars is to inform a defendant "of the charges against him with enough detail to allow him to prepare his defense." *United States v. Kirkham*, 129 F.App'x 61, 71–72 (5th Cir. 2005); *see also United States v. Burgin*, 621 F.2d 1352, 1358 (5th Cir. 1980) (explaining that a defendant does not have a right to a bill of particulars). A court abuses its discretion in denying a motion for a bill of particulars only when the defendant can show the denial resulted in "actual[] surprise[] at trial" and the defendant was "thereby prejudiced in his substantial rights." *Kirkham*, 129 F.App'x at 72 (citation omitted). The Court should therefore "only grant a bill of

particulars when the information is necessary for the defendant to prepare for trial." *United States v. Quiroz*, No. 4-21-CR-334-ALM-CAN-2, 2022 WL 3223983, at *2 (E.D. Tex. July 15, 2022) (quotation omitted), *report and recommendation adopted*, 2022 WL 3223179 (E.D. Tex. Aug. 9, 2022).

As to a defendant's notice of the charges against him, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1). And "[a]n indictment is sufficient if it (1) contains the elements of the offense charged and fairly informs a defendant of the charge against him and (2) enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Montemayor*, 703 F.2d 109, 117 (5th Cir. 1983). Further, "it is generally sufficient that an indictment set forth the offense in the words of the statute itself." *Id.*

Count Two of the first superseding indictment incorporates all the allegations of Count One. Count One spans several pages, alleges in detail that Phillip Page and Thomas Page fraudulently obtained and renewed multiple business loans, and alleges the methods by which they did so, including the bank and brokerage accounts they established and payments they made over the course of the alleged conspiracy. It also includes a table of transactions through which the Page brothers allegedly continued to misrepresent the value of their brokerage account to secure additional credit from PlainsCapital Bank. (Dkt. #93 ¶ 18). Count Two further charges that the Pages conspired to and conducted the alleged fraudulent activity "knowing that the transactions were designed in whole or in part to conceal and disguise the nature,

11

location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity," in violation of 18 U.S.C. § 1956(a)(l)(B)(i) and (h). (Dkt. #93 ¶ 23).

Count Two is therefore sufficiently specific and gives Phillip Page adequate notice of the money-laundering conspiracy charge against him. The language of the indictment clearly describes the essential elements of the crime and tracks the language of Sections 1956(a)(l)(B)(i) and (h). The time frame of the conspiracy, 2008 to 2019, is also included. (Dkt. #93 ¶ 23). The Government has clearly provided enough information to apprise Phillip Page of the charges against him. *See Kirkham*, 129 F.App'x at 72 (finding that the indictment gave adequate notice of the charges because it clearly described the essential elements of the crime, tracked the language of the relevant statute, and included the time frame of the scheme). Based on the information included in the first superseding indictment, Phillip Page cannot show that he is likely to be actually surprised at trial regarding the charges against him or that he needs a bill of particulars to prepare for trial.

What's more, the Government confirmed at the hearing that it has turned over all of the documents it has received during discovery to the defense, further foreclosing the possibility that Phillip Page will be surprised at trial. *See id.* ("Moreover, even if the indictment had not furnished adequate information about the charges brought against defendants, the government's providing them with the

necessary information in another satisfactory form obviated the need for a bill of particulars.").[4] The Court will therefore deny Phillip Page's request for a bill of particulars.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendant Jon Phillip Page, Jr.'s Motion to Dismiss Count Two of Superseding Indictment, (Dkt. #106), is **DENIED**. His alternative motion for a bill of particulars is also **DENIED**.

**So ORDERED and SIGNED this 18th day of August, 2022.**

_____

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

---

[4] Phillip Page also requests that the Court order the Government to turn over grand jury testimony early. *See* (Dkt. #106 at 5). A defendant must demonstrate a "particularized need" to be granted access to a trial witness's grand jury testimony. *Montemayor*, 703 F.2d at 118 (quotation omitted). Phillip Page has not demonstrated a particularized need. And the Government has stated its intent to produce grand jury testimony to the defense a week before trial. *See* (Dkt. #113 at 9 n.3). This request is therefore denied.